IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JESSICA E. SMITH and CHRISTOPHER S. SMITH, | ) ) ) | CIVIL ACTION NO. 3:19-85 |
|---|---|---|
| Plaintiffs, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| EAN HOLDINGS, LLC and GREGORY J. POCKL, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendant EAN Holdings, LLC's ("EAN") Motion to Dismiss for Failure to State a Claim. (ECF No. 3.) This Motion is fully briefed (*see* ECF Nos. 4, 8) and is ripe for decision. For the following reasons, the Court will **GRANT** Defendant's Motion and dismiss Count III of Plaintiffs' Complaint with prejudice and Counts II and IV without prejudice.

### II. Background

The following facts appear in Plaintiff's Complaint. (ECF No. 1-2.) The Court accepts these facts as true for purposes of deciding the instant Motion to Dismiss.

Plaintiffs Jessica E. Smith and Christopher S. Smith (collectively "Plaintiffs") are wife and husband residing in Wells Tannery, Pennsylvania. (ECF No. 1-2 ¶ 1.) Plaintiffs allege that EAN negligently entrusted a rental car to Defendant Gregory J. Pockl, who caused a collision with Mrs. Smith while driving in Breezewood, Pennsylvania. (*Id.* ¶¶ 4–11, 14–16.)

On September 18, 2017, Mrs. Smith was driving a 2015 Chevrolet Silverado, heading west on Route 30 in Breezewood, Pennsylvania. (*Id.* ¶¶ 4, 7.) While Mrs. Smith was driving on Route

30, Pockl, driving a 2017 Jeep Grand Cherokee he had rented from EAN, pulled out of the Gateway Travel Plaza and attempted to cross the westbound lanes of traffic in front of Mrs. Smith in order to head east on Route 30. (*Id.* ¶¶ 6, 7, 15.) As Pockl pulled out of the travel plaza, he collided with Mrs. Smith's car, which was in the westbound traffic lanes. (*Id.* ¶¶ 6–8.) As a result of the collision, Mrs. Smith suffered serious injuries. (*Id.* ¶¶ 9–10.)

Plaintiffs allege that Pockl was driving negligently when he exited the travel plaza and that his negligence caused the collision. (*Id.* ¶¶ 11–13.) Plaintiffs also allege that EAN, in allowing Pockl to rent the Jeep Grand Cherokee, negligently entrusted the car to a driver who would operate the vehicle in an unsafe manner. (*Id.* ¶¶ 14–16.)

Plaintiffs initially filed this case in the Court of Common Pleas of Bedford County, Pennsylvania on April 26, 2019. (ECF No. 1.) Pockl received service via certified mail on May 2, 2019, and EAN received service in the same manner on May 3, 2019. (*Id.*) Defendants EAN and Pockl timely removed the case to this Court on May 29, 2019. (*Id.*) Plaintiffs' Complaint contains four counts. (*Id.* ¶¶ 12–21.) Plaintiffs allege that Pockl was negligent in operating the vehicle that he rented from EAN. (*Id.* ¶¶ 11–13.) Plaintiffs also allege that EAN negligently entrusted the vehicle to Pockl. (*Id.* ¶¶ 14–16.) Finally, Plaintiffs allege a count of joint and several liability against both EAN and Pockl (*Id.* ¶¶ 17–18.) Mr. Smith also alleges a count of loss of consortium against both EAN and Pockl. (*Id.* ¶¶ 21–22.)

EAN filed the instant Motion to Dismiss on June 5, 2019. (ECF No. 3.)

### III. Jurisdiction and Venue

The Court has jurisdiction over Plaintiffs' claims because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiffs are both citizens of

2

Pennsylvania. (ECF No. 1-2 ¶ 1.) Pockl is a citizen of Ohio. (*Id.* ¶ 2.) EAN is a Delaware Limited Liability Company whose sole member[1] is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in Missouri. (ECF No. 1-2 ¶ 3; ECF No. 20 ¶ 4.) EAN is accordingly a citizen of Missouri.

Venue is proper because Bedford County, where Plaintiffs originally filed this case, lies within this District. *See* 28 U.S.C. § 1441.

## IV. Legal Standard

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claims are and the grounds upon which they rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* Second, the court should identify allegations that, "because they are no more than conclusions,

---

[1] In determining the citizenship of an LLC, the Court looks to the citizenship of its members, not to its principal place of business of state of organization. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

[2] Although *Iqbal* described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *see id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

3

are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## V. Discussion

EAN argues that the Court must dismiss Plaintiffs' complaint for three reasons. First, EAN argues that Plaintiffs' claim of negligent entrustment fails because Plaintiffs have failed to allege facts demonstrating that they knew that Pockl was incapable of operating the rented car in a prudent manner. (ECF No. 4 at 4-6.) Second, EAN argues that the Court must dismiss Plaintiffs' third count, that of joint and several liability, because joint and several liability is not a cause of action, but is actually a theory of recovery. (*Id.* at 7.) Finally, EAN argues that Plaintiffs' loss of consortium claim fails because the loss of consortium claim derives from the negligent entrustment claim, on which Plaintiffs fail to state a claim. (*Id.* at 8.) Because there is no valid claim against it, EAN contends that the loss of consortium claim must be dismissed. The Court will address each argument in turn.

## A. The Court Will Dismiss Count Two Because Plaintiffs Have Failed to Allege Sufficient Facts to Support a Negligent Entrustment Claim

As this is a diversity case arising in Pennsylvania, Pennsylvania law applies. Pennsylvania has adopted Section 308 of the Restatement (Second) of Torts in negligent entrustment cases. *See Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Super. Ct. 1998); *Christiansen v. Silfies*, 667 A.2d 396, 400 (Pa. Super. Ct. 1995). Section 308 provides that, in order to succeed in a negligent entrustment of a vehicle action, a plaintiff must prove three things: 1) the defendant permitted a third party; 2) to operate or use its vehicle; and 3) that the defendant knew or should have known that the third party would use the vehicle either intending to or likely to cause harm to another. *Schneider Nat'l Carriers, Inc. v. Syed*, No. 1:17-cv-02383, 2019 WL 183905, at *3 (M.D. Pa. Jan. 14, 2019). Specifically, § 308 states that:

> [i]t is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Restatement (Second) of Torts § 308.

EAN argues that Plaintiffs fail to state a claim because the Complaint contains no allegations EAN either knew or should have known that Pockl was unable to operate the Jeep Grand Cherokee in a reasonably prudent manner, and that the claim must therefore be dismissed. (ECF No. 4 at 5.)

Plaintiffs respond that the allegations that Pockl negligently operated the vehicle he rented from EAN are sufficient to state a claim of negligent entrustment, because these allegations "satisf[y] the requirement of a 'short and plain statement of the claim showing that [Plaintiffs are] entitled to relief'" because the Complaint notifies EAN of the grounds upon which their

5

complaint rests. (ECF. No. 8 (quoting FED. R. CIV. P. 8(a)(2)).) Namely, that Pockl was a negligent driver, EAN either knew or had reason to know of his negligence, and failed to take appropriate steps. (*Id.*) Plaintiffs also argue that EAN owed a duty of care to only entrust the Jeep Grand Cherokee to drivers who would operate it in a prudent manner, and that EAN breached that duty by allowing Pockl to rent the Jeep Grand Cherokee. (*Id.*)

The Court holds that Plaintiffs have failed to allege sufficient facts to state a claim upon which relief can be granted. While Plaintiffs have alleged that Pockl operated the Jeep Grand Cherokee negligently, they have not alleged any facts that give rise to a plausible claim that EAN knew or should have known that Pockl would operate it in a manner likely to cause harm to another. *See Schneider Nat'l Carriers*, 2019 WL 183905 at *3.

The allegations in the Complaint are not extensive. The Complaint alleges only two things with respect to EAN: EAN owed a duty of care to entrust its cars to individuals who would operate them in a prudent manner,[3] and EAN breached this duty by renting the Jeep Grand Cherokee to Pockl. (ECF No. 1-2, ¶¶ 15-16.) Plaintiffs' sole factual allegation to support their assertion that EAN knew or should have known that Pockl would drive negligently is the accident itself, which happened after EAN rented the car to Pockl. (*Id.* ¶ 16.) A car crash occurring after the entrustment cannot serve to give the entrustor notice that the entrustee would cause an accident. *See, e.g., Phelan v. City of Mt. Rainier*, 805 A.2d 930, 942 (D.C. 2002) ("Since this

---

[3] The existence of such a duty is a legal question, not a factual allegation, so the Court is not obligated to accept the existence of such a duty. The Court does not assume that such a duty of care existed in this case, and it does not reach the issue here, as the claim is dismissed for failure to state a claim. If Plaintiffs amend their Complaint with sufficient factual matter to support an inference that EAN had reason to know Pockl was incapable of operating the vehicle in a prudent manner, the Court will then, if necessary, proceed to consider the issue of whether EAN owed or breached such a duty.

6

incident occurred after the alleged negligent entrustment in this case, it can not be used to show that the City should have foreseen the danger."); *Huynh v. R. Warehousing & Port Servs., Inc.*, 973 S.W.2d 375, 378 (Tex. Ct. App. 1998) ("The act of entrusting the vehicle necessarily takes place before the accident. Subsequent conduct . . . has no bearing on a negligent entrustment claim."); *Williams v. Steves Indus., Inc.*, 678 S.W.2d 205, 211 (Tex. Ct. App. 1984) ("Any act occurring subsequent to the accident could not be a proximate cause of the accident."). Accordingly, the crash between Pockl and Mrs. Smith cannot have put EAN on notice that Pockl would drive negligently. Accordingly, Plaintiffs' negligent entrustment claim must be dismissed.

In conclusion, the Court holds that Plaintiffs' negligent entrustment claim must fail. However, because Plaintiffs may be able to allege facts showing that EAN had reason to know that Pockl would not operate the Jeep Grand Cherokee in a prudent manner, the dismissal is without prejudice.

### B. The Court Will Dismiss Count Three Because Joint and Several Liability Is Not a Separate Cause of Action

Joint and several liability is not, itself, a cause of action. Instead, joint and several liability is a theory of recovery, which allows a successful plaintiff to enforce a judgment in full against a party who is one of multiple parties liable to the plaintiff. *See Joint and Several Liability*, Black's Law Dictionary (11th ed. 2019). For joint and several liability to apply,[4] first, the Defendant must be found liable. As both counts against EAN are dismissed, see *infra*, EAN cannot be held liable to Plaintiffs. Accordingly, count three is dismissed. Because joint and several liability is a theory of recovery and not a cause of action, the dismissal is with prejudice.

---

[4] Pennsylvania law permits joint and several liability only in certain specific instances. 42 Pa. C.S. § 7102(a.1)(2), (3).

## C. The Court will Dismiss Count Four Because the Loss of Consortium Claim Is Derivative of the Negligent Entrustment Claim, Which Fails

A claim for loss of consortium under Pennsylvania law is a claim for harm to the marital relationship, whether through a loss of company, society, cooperation, or affection of the spouse. *See Cleveland v. Johns-Manville Corp.*, 690 A.2d 1146, 1149 (Pa. 1997). A spouse who suffers a loss of consortium has sustained no physical injury, but an injury to "marital expectations as a result of the injuries" to their spouse. *Pahle v. Colebrookedale Twp.*, 227 F. Supp. 2d 361, 375 (E.D. Pa. 2002). Here, Mr. Smith is claiming loss of consortium due to the injures Mrs. Smith suffered. (ECF No. 1-2 ¶¶ 20–21.) A loss of consortium claim under Pennsylvania law is derivative. *Tiernan v. Devoe*, 923 F.2d 1024, 1036 (3d Cir. 1991); *Scattaregia v. Shin Shen Wu*, 495 A.2d 552, 553-54 (Pa. Super. Ct. 1985). Accordingly, a party making a loss of consortium claim may only recover if the party through whom they make the claim has a valid claim against the tortfeasor. *Scattaregia*, 495 A.2d at 554. Because this Court dismisses the negligent entrustment and joint and several liability claims, Mrs. Smith has no valid claim against EAN through which Mr. Smith can claim loss of consortium. Because Plaintiffs have been granted leave to amend Count Two of their Complaint, the Court will dismiss Count Four without prejudice.

## VI. Conclusion

For the foregoing reasons, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, EAN's Motion to Dismiss for Failure to State a Claim (ECF No. 3) is **GRANTED**. An appropriate order follows.

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA E. SMITH and CHRISTOPHER S. SMITH, | ) ) ) | CIVIL ACTION NO. 3:19-85 |
| Plaintiffs, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| EAN HOLDINGS, LLC and GREGORY J. POCKL, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 29th day of August, 2019, upon consideration of Defendant EAN Holdings, LLC's Motion to Dismiss (ECF No. 3), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Count III of Plaintiffs' Complaint is hereby dismissed with prejudice. Counts II and IV are hereby dismissed without prejudice. Plaintiffs are granted leave to amend Counts II and IV for a period of twenty-one (21) days.

BY THE COURT

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE